United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ALVARA, <br><br>                    Plaintiff, <br><br>     v. <br><br> AURORA LOAN SERVICES, INC. (a Delaware Corporation); HOMEFIELD FINANCIAL, INC. (a California Corporation); QUALITY LOAN SERVICES CORPORATION (a California Corporation), and DOES 1 through 50, inclusive, <br><br>                    Defendants. | No. C-09-1512 SC <br><br> ORDER DISMISSING SUIT |

Plaintiff George Alvara ("Plaintiff") has filed a Motion requesting that this Court grant an extension of time to file an amended complaint. Docket No. 12 ("Motion"). For the reasons stated below, the Court DENIES Plaintiff's Motion and DISMISSES the suit WITH PREJUDICE.

Plaintiff George Alvara ("Plaintiff") brought this suit in San Mateo Superior Court, alleging various improprieties surrounding the foreclosure of property that was used as security for a loan. See Notice of Removal, Docket No. 1, Ex. 1 ("Complaint"). The case was removed to this Court because of federal questions raised in Plaintiff's Complaint. See Notice of Removal. Defendant Aurora Loan Services, Inc. ("Aurora"), moved to dismiss the Complaint on April 13, 2009. Id. This Court granted the motion to dismiss, and allowed Plaintiff thirty (30)

1  days to amend his Complaint.  Docket No. 11 ("Order").  As this
2  Court noted in its Order, Plaintiff had submitted an Opposition to
3  the motion to dismiss that was of dubious quality, and submitted
4  it nearly two weeks after the deadline.  Order at 1 n.1; Docket
5  No. 7.  The Court "warn[ed] counsel for Plaintiff that any future
6  violations of the Local Rules may result in sanctions, as noted in
7  Civil Local Rule 1-4."  Order at 1 n.1.

8       The deadline for submitting an amended complaint has now
9  passed.  Rather than submit an amended complaint, Plaintiff's
10 Counsel, Mr. James Curtis ("Curtis"), has submitted the current
11 Motion, requesting an extension of time.  Plaintiff's counsel
12 explains that "[t]he undersigned counsel for the Plaintiff needs
13 an extension of time in which to prepare the amendment due to the
14 order not being put on calendar and inadvertent clerical error."
15 Mot. ¶ 5.  Aurora submitted an Opposition to the Motion,
16 accompanied by a sizable Request for Judicial Notice that includes
17 dozens of orders dismissing other, factually similar cases brought
18 by Curtis that have been dismissed for failure to prosecute, or
19 which were supported by only "boilerplate" opposition papers at
20 the motion-to-dismiss stage.  Docket No. 14.  The Court may take
21 judicial notice of orders issued and papers submitted in other
22 cases, and GRANTS Aurora's request for judicial notice.  See St.
23 Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp., 605 F.2d
24 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal
25 courts, in appropriate circumstances, may take notice of
26 proceedings in other courts, both within and without the federal
27 judicial system, if those proceedings have a direct relation to
28

**United States District Court**
For the Northern District of California

1  matters at issue.").

2  Of particular interest for the purposes of this Motion is a
3  Memorandum submitted by Curtis in a matter before Judge Larson in
4  the Central District of California, Mena v. Wells Fargo Bank NA,
5  Case No. 09-376.[1]  Docket No. 14, Ex. 47 ("Curtis Memo"); Mena
6  Docket No. 15.  In that case, Judge Larson listed several cases in
7  the Central District that Curtis had filed and then failed to
8  prosecute, and noted that these cases "represent either a
9  wholesale abdication by Mr. Curtis of his duty to his clients
10 and/or this Court, or they evidence Mr. Curtis's assessment of the
11 lack of merits of the complaints he has filed."  Id., Ex. 34
12 ("Judge Larson's Order") at 2-3; Mena Docket No. 14.  Judge Larson
13 ordered Curtis to show cause as to why a number of cases pending
14 in the Central District of California should not be dismissed, why
15 he should not pay Defendants' costs and fees, why he should not
16 refund his clients' legal fees, and why he should not face
17 sanctions under Rule 11(b)(1) for filing suits "merely to
18 forestall the foreclosure, nonjudicial sale, and subsequent
19 eviction of plaintiffs (if required), rather than being filed with
20 any intention to pursue the claims asserted on their merits."  Id.
21 at 3.

22 In his response to Judge Larson's Order, filed June 7, 2009,
23 Curtis stated:

> This Honorable Court should note that over the
> course of the last six months Counsel has relocated
> his office to obtain more efficient work space; and

---

[1] This Order will cite items from the docket in Mena as Mena Docket No. XX.

United States District Court
For the Northern District of California

> within the last five (5) weeks has replaced his complete staff to feverishly correct any deficiencies in servicing the need of the Client(s). Furthermore, that of the Ten (10) matters addressed in this Honorable Court's OSC, oppositions were represented as addressed; and, filed — only, to be provided after the applicable deadline(s) because of clerical and/or calendaring error(s). As such, in each of these matters steps were taken to insure that the interests of the Client(s) have not been prejudiced.

Curtis Memo at 2. Curtis assured Judge Larson's Court that "affirmative steps have been taken to insure that going forward, all matters will addressed on a timely basis . . . ." Id. at 4.

Curtis has now missed two successive deadlines before this Court. He has already received a warning from this Court that late filings will not be tolerated. He has received similar warnings from other courts, and has assured other courts that he was addressing the "clerical errors" that had caused repeated delays and failures to prosecute. The Court therefore does not accept Curtis' claimed "clerical errors" as a sufficient excuse for missing the deadline for filing an amended complaint on behalf of his client in this case. While the Court sympathizes with Curtis' client in this regard, it also recognizes that Curtis' client has other avenues for seeking remedies against his attorney, if he wishes to pursue them. The Court therefore DENIES Plaintiff's Motion and this suit is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

July 28, 2009

_Samuel Conti_
UNITED STATES DISTRICT JUDGE

4